UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN KOZAK,

    Petitioner,

v.                                     Case No:  2:15-cv-150-FtM-29CM
                                         Case No.  2:11-CR-121-FTM-29CM

UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion for Judgment on the Pleadings (Fed. R. Civ. P. 12(c)) (Doc. #25) filed on September 28, 2015, and Petition for Bond to Secure Stay of Enforcement of Judgment Pending Motion for Dismissal (Fed. R. Civ. P. 62(b)) (Doc. #26) filed on December 9, 2016.

Petitioner seeks judgment in his favor because the pleadings are now closed, because the facts are undisputed as to Grounds Two and Three, and because the Court lacked territorial and subject-matter jurisdiction.  "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001)).  Under Rule 12(c), "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the

pleadings." Fed. R. Civ. P. 12(c).  "When only a single pleading has been filed, 'competing pleadings' do not exist, so a motion for judgment on the pleadings is not appropriate." Perez, 774 F.3d at 1336 (citation omitted).  Therefore, when the filing of an answer has no application to a habeas petition, Rule 12(c) would not apply.  See, e.g., Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970) (finding that a response to a habeas petition was not an answer within the meaning of Rule 12); Florida Evergreen Foliage v. E.I. DuPont De Nemours & Co., 165 F. Supp. 2d 1345, 1349 (S.D. Fla. 2001) (pleadings include the complaint, answers, counterclaim, and crossclaims), aff'd sub nom. Green Leaf Nursery v. E.I. DuPont De Nemours & Co., 341 F.3d 1292 (11th Cir. 2003). The motion will be denied on this basis.

In the alternative, the government responded in opposition to each ground presented by petitioner, including Ground One asserting ineffective assistance of counsel for failure to object to Count Two of the Indictment; Ground Two asserting ineffective assistance of counsel for advising petitioner to enter a plea of guilty that was not voluntary or knowing; Ground Three regarding counsel's failure to object to the sufficiency of Count One of the Indictment; and Ground Four regarding counsel's failure to require the government to prove territorial, legislative, and subject-

matter jurisdiction. (Doc. #2.)[1] Although the material facts of the underlying criminal record are undisputed, it is not clear that petitioner is entitled to judgment as a matter of law "based on the substance of the pleadings and any judicially noticed facts." Barnett v. Baldwin Cty. Bd. of Educ., 60 F. Supp. 3d 1216, 1223-24 (S.D. Ala. 2014). None of the Grounds for relief are conceded, and the habeas petition remains under advisement. The motion will be denied.

Petitioner seeks to be released on bond pending a decision on his habeas petition in his favor based on the "conceded facts" in his motion. As noted above, the Court finds no conceded facts, and in any event, Federal Rule of Civil Procedure 62(b) stays execution of a judgment pending disposition of only 4 types of motions, none of which are at issue here. The motion will be denied.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner's Motion for Judgment on the Pleadings (Fed. R. Civ. P. 12(c)) (Doc. #25) is **DENIED.**

---

[1] In his Memorandum in Support (Doc. #2), petitioner also asserted jurisdictional issues specific to Grounds Two and Three.

2. Petitioner's Petition for Bond to Secure Stay of Enforcement of Judgment Pending Motion for Dismissal (Fed. R. Civ. P. 62(b)) (Doc. #26) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___13th___ day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA